The **FARMERS & MERCHANTS BANK OF LOS ANGELES**, Administrator-with-the-Will-annexed of the Estate of Speed F. Hughes, Deceased, Plaintiffs,

v.

**UNITED STATES** of America: Robert A. Riddell, Collector of Internal Revenue for the Sixth Collection District of California, Defendants.

No. 12948.

United States District Court,
S. D. California, Central Division.
Oct. 28, 1954.

Latham & Watkins, A. R. Kimbrough and I. M. Price, II, Los Angeles, for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

BYRNE, District Judge.

### Findings of Fact.

#### I

Speed F. Hughes, deceased, was born on January 11, 1862, and died on March 28, 1946, at Los Angeles, California. He was a citizen of the United States of America and a resident of Los Angeles, California.

#### II

Farmers & Merchants Bank of Los Angeles is the duly appointed, qualified, and acting administrator-with-the-will-annexed of the Estate of Speed Hughes, deceased, and as such is the plaintiff herein.

#### III

Plaintiff filed with the Collector of Internal Revenue for the Sixth Collection District of California a federal estate tax return on June 25, 1947, for the Estate of Speed F. Hughes.

#### IV

On July 25, 1947, plaintiff paid in full the estate tax shown to be due on said return to the Collector of Internal Revenue, Harry C. Westover, to wit, the sum of $80,657.19.

#### V

On March 17, 1948, the Commissioner of Internal Revenue, acting through the Internal Revenue Agent in Charge, Los Angeles, California, Division, determined that the estate tax return was in error in that the value of the net estate of decedent should be increased in the net amount of $68,036.90; and pursuant to said determination said Commissioner of Internal Revenue assessed additional estate taxes upon the Estate of Speed Hughes in the amount of $27,902.88.

#### VI

Plaintiff has paid under protest, on behalf of the Estate of Speed F. Hughes, the following sums on the following dates to Harry C. Westover, the Collector of Internal Revenue for the Sixth Collection District of California, representing additional estate taxes and interest assessed against said estate pursuant to said determination of March 17, 1948, as aforesaid: on May 14, 1948, tax in the sum of $18,000; on March 28, 1949, tax in the sum of $1,411.80; and on April 20, 1949, interest in the sum of $1,095.58. Said Harry C. Westover ceased to be Collector of Internal Revenue for the Sixth Collection District of California on October 31, 1949, and is no longer in office as such Collector.

#### VII

On June 16, 1950, the Commissioner of Internal Revenue, acting through the Internal Revenue Agent in Charge, Los Angeles, California, Division, made an additional determination of estate tax liability of the Estate of Speed Hughes, and therein increased the value of the net estate of said decedent over the amount shown on the estate tax return filed by plaintiff by the net amount of $72,869.83; which represented a net increase of $4,832.93 over said Internal Revenue Agent's original determination of March 17, 1948.

#### VIII

Pursuant to said determination of June 16, 1950, said Commissioner of Internal Revenue assessed additional estate taxes in the amount of $1,546.53 against the Estate of Speed F. Hughes.

#### IX

On July 11, 1950, plaintiff paid under protest the sum of $1,645.38 (consisting of tax in the sum of $1,391.87 and interest in the sum of $253.51) to Robert A. Riddell, Collector of Internal Revenue for the Sixth Collection District of California, pursuant to said additional assessment against the Estate of Speed F. Hughes by said Commissioner of Internal Revenue.

#### X

The determination of the Commissioner of Internal Revenue of March 17, 1948, disallowed credit in the amount

of $8,491.08 for State inheritance taxes paid by plaintiff. The determination of June 16, 1950, disallowed credit in the additional amount of $154.66 on account of State inheritence taxes paid by plaintiff. On July 28, 1950, plaintiff filed for the Estate of Speed F. Hughes a claim with said Collector of Internal Revenue seeking the refund or abatement of the sum of $9,514.20 assessed against said decedent's estate but not paid by plaintiff, said sum representing estate tax in the amount of $8,491.08 assessed because of the disallowance of credit on account of State inheritance taxes paid and interest on such assessment in the amount of $1,023.12. On February 9, 1951, the Commissioner accepted plaintiff's evidence of right to credit for State inheritance taxes paid and on or about March 1, 1951, issued a certificate of overassessment under which the assessments for tax and interest in the total amount of $9,514.20 were abated.

### XI

On June 30, 1949, plaintiff filed for the Estate of Speed F. Hughes with said Harry C. Westover, Collector of Internal Revenue its claim for refund in the amount of $24,409.26 plus interest thereon. Said claim for refund was rejected in full by said Collector of Internal Revenue on August 1, 1950. Plaintiff's complaint was filed herein on March 15, 1951.

### XII

On July 28, 1950, plaintiff filed with said Robert A. Riddell, Collector of Internal Revenue, for the Estate of Speed F. Hughes, its claim for refund in the amount of $1,645.38 plus interest thereon. Said claim for refund has not been allowed.

### XIII

The following facts are true concerning the transfers of property by decedent to his son, David M. Hughes, referred to in the adjustments, additions, and changes by said Commissioner of Internal Revenue as "Fourth" Item to Schedule "G"—Transfers of said estate tax return:

(a) David M. Hughes, son of Speed F. Hughes, deceased, entered into the following trust agreements:

(i) Trust dated June 22, 1933, with the National Bank of Topeka as "Trustee" and David M. Hughes, as "Trustor",

(ii) Trust dated June 29, 1933, with the Old Colony Trust Company, as "Trustee" and David M. Hughes as "Donor",

(iii) Trust dated June 21, 1935, with National Bank of Topeka as "Trustee" and David M. Hughes as "Trustor", and each of said trusts provided that the income was to be paid to David's mother, Zenia Hughes, for life, and upon her death one-half of the income was to be paid to David and one-half to his father, Speed Hughes, if they survive Zenia. In the event David died before his parents, his contingent one-half income interest passed to his wife, Martha M. Hughes, and then to his children. Upon the death of both Speed and Zenia, the trusts were to terminate and the principal of the trusts was to return to David Hughes, if living; otherwise, the trusts were to continue for the life of Martha M. Hughes and his children.

(b) During the period 1933 to 1940, inclusive, David M. Hughes transferred certain property and money to each of said trusts of the total value of $413,374.39, and decedent during the period of 1934–1937, inclusive, made certain transfers of other property and money to David M. Hughes of the value of $72,100. A true and correct summary of the aforesaid transfers is attached to the Court's Pre-Trial Order of February 8, 1954, as Exhibit "I". The values of said transfers appearing on said exhibit are those shown on the Federal gift tax returns filed for the years in question by the aforesaid persons.

(c) During said period 1934 to 1937, inclusive, Zenia A. Hughes, the mother of David and wife of the decedent, made transfers of still other money and property of the value of $149,130 to said David M. Hughes. Exhibit II to the Pre-Trial Order filed February 8, 1954, is a true and correct summary of such transfers as they were reported on the

Federal Gift Tax Return filed by said Zenia A. Hughes.

(d) None of the specific property or specific money referred to in subparagraph (b) immediately above transferred by decedent to David M. Hughes was placed or went into the trusts described in subparagraph (a) of this paragraph XIII.

(e) The value on March 28, 1947, of the aforesaid trusts described in subparagraph (a) above was as follows:

| | |
|---|---:|
| June 22, 1933, National Bank of Topeka Trust | $ 99,721.99 |
| June 29, 1933, Old Colony Trust Co. Trust | 252,602.73 |
| June 21, 1935, National Bank of Topeka Trust | 154,168.39 |
| | $506,493.11 |

(f) As said transfers by decedent to David M. Hughes are wholly includible in the taxable estate of the decedent in the value of $84,345.79, but the value of the life estate of Zenia A. Hughes is to be deducted therefrom, the value of said transfers to be included is $76,374.81.

(g) The value at decedent's death of the life estate of Zenia A. Hughes, under the trusts hereinbefore described in subparagraph (a), with respect to the portion of the trusts attributable to Speed Hughes, is $7,970.98.

(h) The values as finally determined for Federal gift tax purposes of the transfers by David M. Hughes to said three trusts and of the transfers by Speed Hughes to David M. Hughes are as follows:

| "Year | Transfers in Trust by David M. Hughes | Transfers to David M. Hughes by decedent |
|---|---|---|
| 1933 | $151,688.14 | |
| 1934 | 68,317.50 | $23,600.00 |
| 1935 | 80,215.00 | 27,500.00 |
| 1936 | 75,651.02 | 15,000.00 |
| 1937 | 42,000.00 | 6,000.00 |
| 1939 | 2,000.00 | |
| 1940 | 4,520.00 | |
| | $424,391.66 | $72,100.00" |

(i) Plaintiff properly elected to value the estate of the decedent as of a date subsequent to the date of death pursuant to I.R.C. Sec. 811(j), 26 U.S.C.A. § 811 (j).

(j) Zenia A. Hughes, wife and widow of decedent, was born August 8, 1860, and died on July 8, 1952, at Los Angeles, California.

(k) The trustees of said three trusts made no distributions of income or principal of any of said three trusts to Speed Hughes.

**XIV**

█ Plaintiff has employed Latham & Watkins, attorneys at law, to handle all tax matters affecting the decedent's estate. Payment on account of their fees to date of trial was made in the amount of $3,150. Plaintiff is entitled to a deduction for expenses of administration in determining estate tax liability of decedent, to wit, fees paid and to be paid to said attorneys in a reasonable amount subject to determination by this court after disposition of the main litigation, of which sum, $4,650 has heretofore been allowed and taken into account by defendant in computing the decedent's estate tax liability. Said additional amount to which plaintiff is entitled as a deduction for expenses of administration is the sum of $755.23.

**XV**

All statutory and procedural requirements have been complied with and followed by plaintiff in the presentation of plaintiff's claims herein.

## XVI

The Commissioner of Internal Revenue had proposed a gift tax deficiency for the year 1934 against David M. Hughes in the sum of $4,115.64. On December 4, 1939, there was filed in the case then pending before the United States Board of Tax Appeals, seeking a redetermination of the deficiency, entitled David M. Hughes, petitioner, v. Commissioner of Internal Revenue, respondent, Docket No. 93510, a stipulation, reading:

"It is hereby stipulated and agreed that there is no deficiency in Federal gift tax due from, or overpayment due to, this petitioner for the taxable year 1934, and that the Board may enter its decision accordingly."

The stipulation was signed by Dana Latham, counsel for petitioner, and J. P. Wenchel, the representative of the Chief Counsel of Bureau of Internal Revenue, counsel for respondent. Thereafter, on December 18, 1939, there was entered in the docket of the aforesaid case, a decision upon the written stipulation signed by counsel for the parties that there is no deficiency in Federal gift tax due from, or overpayment due to, this petitioner for the taxable year 1934.

## XVII

The Commissioner of Internal Revenue had proposed a deficiency in gift tax for the year 1935 against David M. Hughes of $7,075.97. David M. Hughes petitioned the United States Board of Tax Appeals for a redetermination of the proposed deficiency. On December 4, 1939, there was filed in Docket in said case No. 97091, David Hughes v. Commissioner, a stipulation between Dana Latham, counsel for petitioner, and J. P. Wenchel, counsel for the respondent, that it was stipulated and agreed there is no deficiency in Federal gift tax due from, or overpayment due to, David M. Hughes for 1935 and the Board may enter its decision accordingly. On December 18, 1939, the Board of Tax Appeals entered its decision accordingly, determining no deficiency or overpayment due to the petitioner for the taxable year 1935.

## XVIII

The Commissioner of Internal Revenue proposed a gift tax deficiency against Speed F. Hughes for the year 1934 of $28.37. Speed F. Hughes petitioned the United States Board of Tax Appeals for a redetermination of said gift tax deficiency in Docket No. 93511. On December 4, 1939, it was stipulated and agreed by and between Dana Latham, counsel for Speed Hughes, and J. P. Wenchel Chief Counsel of the Bureau of Internal Revenue, that there was no deficiency in Federal gift tax due from, or overpayment due to, Speed Hughes for the taxable year 1934, and that the Board might enter its decision accordingly. On December 18, 1939, the Board of Tax Appeals, in accordance with the written stipulation filed, entered its decision accordingly and held no deficiency of gift tax due from petitioner for the year 1934.

## XIX

The Commissioner of Internal Revenue proposed gift tax deficiencies against Speed F. Hughes for the year 1935 in the sum of $32.48 and for the year 1936 in the sum of $100.78. Speed F. Hughes petitioned the United States Board of Tax Appeals for a redetermination of said deficiencies in Docket No. 95625. On December 4, 1939, it was stipulated and agreed, by and between Dana Latham, counsel for Speed F. Hughes, and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, that there was no deficiency in Federal gift tax due, or overpayment due to, Speed Hughes for taxable year 1935, but that there was a Federal gift tax due from Speed Hughes for 1936 in the amount of $166.-50 and that the Board might enter its decision accordingly. On December 18, 1939, the Board of Tax Appeals entered its decision according to the stipulation, holding no deficiency in Federal gift tax for 1935 and a deficiency for 1936 in the sum of $166.50.

## XX

David M. Hughes, son of Speed F. Hughes, deceased, and Zenia A. Hughes, widow of decedent, were among the beneficiaries of decedent's estate under his last will and testament admitted to probate.

## XXI

In connection with the Federal gift tax cases for 1934 and 1935 involving David Hughes and Speed Hughes, as more particularly identified in paragraphs XVI, XVII, XVIII and XIX above, a report entitled "Supporting Statement", was written on or about November 29, 1939, by V. G. Chessman, Assistant Technical Adviser, of Defendant's Technical Staff, Pacific Division, to the Head of said Pacific Division. In preparing said "Supporting Statement", Mr. Chessman had before him and considered, as a part of the administrative file, the following documents: true copies of the gift tax returns and attached affidavits filed by David, Speed and Zenia Hughes for the years 1934 and 1935; the protests filed by said taxpayers relative to alleged gift tax deficiencies for said years; the petitions and amended petitions filed in said Board of Tax Appeals cases; a letter from David M. Hughes to the Collector of Internal Revenue dated October 10, 1934, letters dated November 12, 1934, and December 12, 1934, from David M. Hughes to the Commissioner of Internal Revenue (attention of D. S. Bliss), and letters dated October 30, 1934, and December 5, 1934, from D. S. Bliss, Deputy Commissioner of the Bureau of Internal Revenue, to David M. Hughes, the Board of Tax Appeals decision and the 9th Circuit federal court decision in the case of Hughes v. Commissioner, 104 F.2d 144; and a letter-memorandum dated November 14, 1939, from Dana Latham to Defendant's Technical Staff, which letter was verified by David, Speed and Zenia Hughes.

## XXII

The Commissioner of Internal Revenue on December 28, 1939, proposed a gift tax deficiency for the year 1936 against David M. Hughes in the sum of $9,847.65. On February 8, 1940, the taxpayer's attorney, Dana Latham, submitted a memorandum letter to the Technical Staff of Defendant concerning said gift tax deficiency. On March 16, 1940, there was filed with the United States Board of Tax Appeals a petition seeking a redetermination of said deficiency, in the case entitled David M. Hughes, petitioner v. Commissioner of Internal Revenue, Docket No. 101783. On August 22, 1940, Dana Latham wrote a letter to Defendant's Technical Staff requesting consideration of the aforesaid memorandum which had been theretofore filed in connection with the 1936 alleged gift tax deficiency.

On December 27, 1940, there was filed in the aforesaid Docket No. 101783 of the United States Board of Tax Appeals a stipulation which read as follows:

"It is hereby stipulated and agreed that there is no deficiency in Federal Gift Tax due from or overpayment due to this petitioner for the taxable year 1936 and that the Board may enter its decision accordingly."

Said stipulation was signed by Dana Latham, counsel for petitioner, and J. P. Wenchel, Chief Counsel of the Bureau of Internal Revenue. Thereafter, on December 31, 1940, a decision that there is no deficiency or overpayment of gift taxes for the year 1936 was entered in said Docket No. 101783.

## XXIII.

In connection with the federal gift tax case for 1936 involving David Hughes, a report designated "Supporting Statement" was written on or about November 23, 1940, by G. F. Smithson, Technical Adviser, of Defendant's Technical Staff, Pacific Division, to the Head of said Pacific Division. In preparing said "Supporting Statement", Mr. Smithson had before him and considered, as a part of the administrative file, true copies of the gift tax returns and attached affidavits filed by David, Speed and Zenia Hughes for the year 1936, the protest filed by David M. Hughes, relative to the alleged gift tax deficiencies

for 1936, the petition filed in said Board of Tax Appeals case, the reported decision in the case of Hughes v. Commissioner, 104 F.2d 144, a letter-memorandum dated February 8, 1940, from Dana Latham to Defendant's Technical Staff, and the documents hereinabove described in paragraph (26) of this stipulation.

### XXIV

The terms of the agreement made by the decedent and his son, David M. Hughes, concerning the transfers of property made and to be made by decedent to his said son and by his said son to the three trusts, during the period commencing in 1934, were as stated by the decedent and David M. Hughes and Zenia A. Hughes at page 2 of their verified statement of November 14, 1939, (Finding XXI) *viz.*, "accordingly, early in the year 1934, it was agreed between David M. Hughes and his father and mother that the latter would transfer to him certain real estate and securities in consideration of the transfer by him of assets of substantially equivalent value to the two trusts named."

### XXV

Said agreement was carried out by said persons during said period.

### XXVI

Said transfers of property caused the value of said transfers to be includible in the decedent's gross estate.

### XXVII

The correct estate tax liability of plaintiff was $98,947.72.

### XXVIII

Plaintiff is entitled to a refund of $2,513.14 taxes measured by the difference between the correct estate tax liability as found in paragraph XXVII and the amount paid by plaintiff as set forth in paragraphs IV, VI, and IX, which amount totals $101,460.86.

### XXIX

Defendants relied upon the representations of David M. Hughes, Speed F. Hughes, and Zenia A. Hughes, that the transfers amounting to $72,100 made by decedent to his son, during the period 1934 to 1937, inclusive, were not gifts, but were in consideration of the son's transferring an equivalent amount of money or property to the three trusts, and on that basis determined that there were no gift taxes due upon said transfers.

### XXX

Defendants' reliance upon representations set forth in the preceding paragraphs were reasonable under all the circumstances, and caused detriment or pecuniary losses to defendants which would not have resulted without such a representation having been made.

### XXXI

Decedent is the trustor or settlor of the three trusts created by David M. Hughes to the extent of $76,374.81.

### XXXII

The value of the life estate of the beneficiary of the trust, Zenia A. Hughes, is deductible from decedent's gross estate.

### XXXIII

Plaintiff has overpaid estate taxes and interest due to defendants on behalf of decedent's estate to the extent that defendants have failed to give credit for the value of the life estate of Zenia and to the extent of an additional deduction for attorneys' fees occasioned by this litigation.

### XXXIV

In requiring and collecting payment of $1,391.87 in estate taxes and $253.51 in interest defendant, Robert A. Riddell, Collector of Internal Revenue for the Sixth Collection District of California, was acting under directions and rulings of the Commissioner of Internal Revenue and in the performance of his official duties.

### XXXV

Defendant, United States of America, erroneously assessed and collected from plaintiff $1,121.27 in estate taxes and $151.37 in interest applicable thereto, which sums plaintiff is entitled to recover together with interest from dates of overpayment and costs of suit.

### Conclusions of Law.

And From the Facts, the Court Concludes as Follows:

#### I

The Court has jurisdiction of this controversy and of the parties hereto.

#### II

Decedent was the trustor or settlor of the three trusts created by his son, David M. Hughes, to the extent of $76,374.81, which amount is includible in the gross estate of decedent.

#### III

Decedent was the trustor or settlor of the three trusts created by his son, David M. Hughes, to the extent that the value ($76,374.81 on the optional valuation date) of the property so transferred by decedent is includible in his gross estate as transfers of property made by decedent under which he retained for his life or for a period not ascertainable without reference to his death, or for a period which did not in fact end before his death, the possession or enjoyment of, or the right to income from, the property under the provisions of Section 811(c) (1) (B) (i), Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 811(c) (1) (B) (i).

#### IV

The value of Zenia A. Hughes' life estate is deductible from the amount of the transfers by Speed to David Hughes includible in the gross estate of Speed Hughes.

#### V

Plaintiff is entitled to an additional deduction by reason of attorneys' fees in the administration of the estate by reason of this litigation in the amount of $755.23.

#### VI

Plaintiff herein is now estopped from contending that the transfers by Speed Hughes to David Hughes during the years 1934 to 1937, inclusive, for money and property in the amounts of $72,100 were other than in consideration of David M. Hughes' adding an equivalent amount of money and property to the three trusts of which Speed Hughes was the beneficiary.

#### VII

Such estoppel precludes plaintiff from any refund herein, except as plaintiff is entitled to refund for additional attorneys' fees incurred in the administration of the estate and for the value of Zenia A. Hughes' life estate which was erroneously not allowed by defendants' computation of the gross estate of decedent and the taxes thereon.

#### VIII

Plaintiff is entitled to recovery of a judgment for taxes in the sum of $2,513.14, for overpaid interest in the sum of $404.88, together with interest thereon from dates of payment, until a date preceding the issuance of the refund check by not more than thirty days, and for its costs.

#### IX

The defendant, Robert A. Riddell, Collector of Internal Revenue for the Sixth Collection District of California, is entitled to the entry of a certificate that probable cause existed for the collection of $1,391.87 estate taxes, together with $253.51 interest, from the plaintiff.